**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.S.**

**No. 24-655** (Monongalia County CC-31-2023-JA-198)

**MEMORANDUM DECISION**

Petitioner Father M.S.[1] appeals the Circuit Court of Monongalia County's October 16, 2024, order terminating his parental rights to Z.S., arguing that the circuit court erred in terminating his parental rights and denying him post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2023, the DHS filed an abuse and neglect petition alleging that the parents abused substances while the child was in their care. At the adjudicatory hearing in January 2024, the petitioner stipulated to abusing substances which negatively affected his ability to parent Z.S. The court then adjudicated the petitioner an abusing and neglecting parent of the child. Upon written motion, the circuit court granted the petitioner a post-adjudicatory improvement period. The terms of this improvement period required the petitioner, among other things, to attend and participate in all multidisciplinary team ("MDT") meetings, submit to random drug screens, participate in parenting and adult life skills classes, and comply with any other recommended services.

At the review hearing in March 2024, the DHS informed the circuit court that the petitioner had completed a twenty-eight-day detoxification program and was subsequently enrolled in an intensive outpatient program. He also had two clean drugs screens, although he missed a third screen. As such, the DHS recommended that he begin supervised visitation along with his adult life skills and parenting classes. The petitioner failed to attend a subsequent review hearing in June 2024, although he was represented by counsel. According to the DHS, the petitioner had relapsed and entered another rehabilitation facility, which he then left and declined readmission. Despite this noncompliance, the court granted the petitioner a three-month extension of his improvement period. Later in September 2024, the circuit court held a final review hearing which the petitioner

---

[1] The petitioner appears by counsel Clarissa M. Banks. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Stephanie Shepherd appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

again failed to attend, although he was represented by counsel. The DHS presented a report that detailed the petitioner's failure to return to drug rehabilitation despite his stated intention to do so. Additionally, the petitioner failed to submit to any drug screens and had not communicated with the DHS or service providers since June 2024. According to the DHS, the petitioner was homeless and unable to provide for himself due to his substance abuse.

The circuit court held the dispositional hearing in October 2024. The petitioner did not attend, although he was represented by counsel. The DHS presented evidence that the petitioner failed to remain in contact with the DHS along with his failure to participate in MDT meetings and drug screens. Additionally, the petitioner failed to participate in a substantial number of parenting and adult life skills classes. The petitioner, by counsel, argued that only his custodial rights should be terminated as he maintained a bond with Z.S. However, the DHS highlighted that Z.S. was only one year old at the time of removal and that the petitioner had neglected to inquire about the child's well-being or attend any supervised visits since December 2023, evidencing a lack of such bond. In the end, the court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Due to two-year-old Z.S.'s young age and the paternal grandmother's willingness to adopt Z.S., giving the child a permanent home, the court found that termination of his parental rights, rather than his custodial rights, was necessary for the child's welfare. Therefore, the circuit court terminated the petitioner's parental rights and ordered that the petitioner have no post-termination visitation with Z.S. as this was in the child's best interests.[3] It is from this dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in terminating his parental rights rather than granting him an alternative disposition which would be the less restrictive alternative. We disagree. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are permitted to terminate parental rights without the use of a less restrictive alternative "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." *See also* Syl. Pt. 5, *In re Kristin Y*., 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his] own or with help." Here, the petitioner repeatedly failed to comply with the terms of his improvement period as he did not participate in a substantial number of MDT meetings, drug screens, and parenting and adult life skills classes. Additionally, the petitioner also failed to attend several court hearings, primarily due to his ongoing substance abuse. During his improvement period, the petitioner relapsed and failed to follow through with any type of rehabilitation treatment. As a

---

[3] The mother's parental rights were also terminated. The permanency plan for Z.S. is adoption by her current kinship placement.

result of his incapacity to remedy his substance abuse, he was left homeless and remained unable to provide for himself. Furthermore, the petitioner failed to attend supervised visits with Z.S. for nearly the entirety of these proceedings. We have repeatedly highlighted that a parent's level of interest in visiting their child when outside their custody "is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Therefore, there was ample evidence for the circuit court to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, the circuit court found that termination of the petitioner's parental rights was necessary for the child's welfare primarily due to the petitioner's failure to participate in these proceedings. Therefore, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

Finally, the petitioner argues that the circuit court committed error in denying him post-termination visitation with the child. We again disagree. To receive post-termination visitation, "[t]he evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995).[4] As part of this analysis, "the circuit court should consider whether a close emotional bond has been established between parent and child." *Id.* Here, the petitioner failed to participate in supervised visitation and failed to inquire about Z.S.'s wellbeing for the majority of these proceedings. Additionally, the record shows that the child was merely one year old when removed from the petitioner's care, and at termination, the child had been away from the petitioner for almost a whole year without interaction. With the lack of any evidence demonstrating the existence of an emotional bond along with the petitioner's failed efforts to try to facilitate such bond, the circuit court had sufficient evidence to deny post-termination visitation. Therefore, we conclude that the circuit court did not commit error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 16, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

[4] We apply the standards in place at the time of the entry of the circuit court's order denying post-termination visitation, but note that after its entry this Court provisionally amended Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and "adopt[ed] appropriate standards for consideration of post-termination visitation outside of a fact-based context." *In re Z.D.-1*, 251 W. Va. 743, -- n.21, 916 S.E.2d 375, 382 n.21 (2025).

**NOT PARTICIPATING:**

Chief Justice William R. Wooton